IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOLLY ARTIS, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,

    Defendants.

No. C 10-05289 WHA

**CASE MANAGEMENT ORDER AND REFERENCE TO MAGISTRATE JUDGE FOR MEDIATION/SETTLEMENT**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **APRIL 29, 2011**, on pain of preclusion under FRCP 37(c), including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

2. Leave to add any new parties or pleading amendments must be sought by **JULY 29, 2011**.

3. The motion for class certification must be filed by **NOVEMBER 10, 2011**. This motion must be accompanied by full expert declarations. Defendants must file their opposition to class certification and any opposition expert declarations by **DECEMBER 8, 2011**. Plaintiffs must file their replies in support of class certification and any reply expert declarations by **DECEMBER 22, 2011**. All experts must be promptly made available for deposition after their initial declarations. The reply declaration, however, should contain

only true reply material and should not contain material that in fairness should have been placed in the opening declarations.

4. The non-expert discovery cut-off date shall be **FEBRUARY 29, 2012**.

5. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **FEBRUARY 29, 2012**. Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial. If the party with the burden of proof neglects to make a timely disclosure, the other side, if it wishes to put in expert evidence on the same issue anyway, must disclose its expert report within the fourteen-day period. In that event, the party with the burden of proof on the issue may then file a reply expert report within the seven-day period, subject to possible exclusion for "sandbagging" and, at all events, any such reply material may be presented at trial only after, if at all, the other side actually presents expert testimony to which the reply is responsive. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list

1   of issues on which it will offer any expert testimony in its case-in-chief (including from
2   non-retained experts). This is so that all parties will be timely able to obtain
3   counter-experts on the listed issues and to facilitate the timely completeness of all expert
4   reports. Failure to so disclose may result in preclusion.

5   6.  As to damages studies, the cut-off date for *past damages* will be as of the expert report
6   (or such earlier date as the expert may select). In addition, the experts may try to project
7   *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages
8   can be met. With timely leave of Court or by written stipulation, the experts may update
9   their reports (with supplemental reports) to a date closer to the time of trial.

10  7.  At trial, the direct testimony of experts will be limited to the matters disclosed in their
11  reports. Omitted material may not ordinarily be added on direct examination.
12  This means the reports must be complete and sufficiently detailed.
13  Illustrative animations, diagrams, charts and models may be used on direct examination
14  only if they were part of the expert's report, with the exception of simple drawings and
15  tabulations that plainly illustrate what is already in the report, which can be drawn by the
16  witness at trial or otherwise shown to the jury. If cross-examination fairly opens the
17  door, however, an expert may go beyond the written report on cross-examination and/or
18  redirect examination. By written stipulation, of course, all sides may relax these
19  requirements. For trial, an expert must learn and testify to the full amount of billing and
20  unbilled time by him or his firm on the engagement.

21  8.  To head off a recurring problem, experts lacking percipient knowledge should avoid
22  vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is
23  correct. This means that they may not, for example, testify that based upon a review of
24  fact depositions and other material supplied by counsel, a police officer did (or did not)
25  violate standards. Rather, the expert should be asked for his or her opinion based —
26  explicitly — upon an assumed fact scenario. This will make clear that the witness is not
27  attempting to make credibility and fact findings and thereby to invade the province of the
28  jury. Of course, a qualified expert can testify to relevant customs, usages, practices,

3

1 recognized standards of conduct, and other specialized matters beyond the ken of a lay
2 jury. This subject is addressed further in the trial guidelines referenced in paragraph 16
3 below.

4 9. A large-scale criminal trial before the undersigned judge will begin on March 7, 2011, and is expected to conclude during the late summer. Because this trial will consume an unusual amount of time and resources, motions in civil cases will be considered and heard only on a selective basis. Except for discovery disputes, no motions may be filed in this action without prior written approval. A party seeking approval to file a motion must file a précis that summarizes the essence of the motion and explains its urgency. Any party opposing approval to file based on the précis may file an opposition by noon on the second business day following the day on which the précis was filed. Both the précis and the opposition must be five pages or less, double-spaced, and may not contain footnotes or attachments. After considering the précis and the opposition (if any), the Court will either grant or deny leave to file the motion. If leave is granted, a briefing schedule and hearing date will be set.

10. The last date to file dispositive motions shall be **APRIL 5, 2012**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

11. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **MAY 14, 2012**. Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference. For the form of submissions for the final pretrial conference and trial, please see paragraph 16 below.

12. A **JURY TRIAL** shall begin on **MAY 29, 2012**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to

1  calendar congestion and the need to give priority to criminal trials. Counsel and the
2  parties should plan accordingly, including advising witnesses.
3  13. Counsel may not stipulate around the foregoing dates without Court approval.
4  14. While the Court encourages the parties to engage in settlement discussions, please do not
5  ask for any extensions on the ground of settlement discussions or on the ground that the
6  parties experienced delays in scheduling settlement conferences, mediation or ENE. The
7  parties should proceed to prepare their cases for trial. No continuance (even if stipulated)
8  shall be granted on the ground of incomplete preparation without competent and detailed
9  declarations setting forth good cause.
10 15. To avoid any misunderstanding with respect to the final pretrial conference and trial, the
11 Court wishes to emphasize that all filings and appearances must be made — on pain of
12 dismissal, default or other sanction — unless and until a dismissal fully resolving the
13 case is received. It will not be enough to inform the clerk that a settlement in principle
14 has been reached or to lodge a partially executed settlement agreement or to lodge a fully
15 executed agreement (or dismissal) that resolves less than the entire case.
16 Where, however, a fully-executed settlement agreement clearly and fully disposing of the
17 entire case is lodged reasonably in advance of the pretrial conference or trial and only a
18 ministerial act remains, the Court will arrange a telephone conference to work out an
19 alternate procedure pending a formal dismissal.
20 16. If you have not already done so, please read and follow the "Supplemental Order to
21 Order Setting Initial Case Management Conference in Civil Cases Before Judge William
22 Alsup" and other orders issued by the Clerk's office when this action was commenced.
23 Among other things, the supplemental order explains when submissions are to go to the
24 Clerk's Office (the general rule) versus when submissions may go directly to chambers
25 (rarely). With respect to the final pretrial conference and trial, please read and follow the
26 "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The
27 Honorable William Alsup." All orders and guidelines referenced in the paragraph are
28 available on the district court's website at http://www.cand.uscourts.gov. The website

also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

17. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

18. This matter is hereby **REFERRED** to **MAGISTRATE JUDGE JOSEPH C. SPERO** for **MEDIATION/SETTLEMENT**.

**IT IS SO ORDERED.**

Dated: March 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE