Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
Jessica Moy (SBN 272941)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400 / Facsimile: (415) 986-1474
Email: jennie@andrusanderson.com, lori@andrusanderson.com, jessica@andrusanderson.com

Brad Seligman (SBN 83838)
Kirsten Scott (SBN 253464)
**LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.**
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824 / Facsimile: (510) 839-7839
Email: bseligman@lewisfeinberg.com, kscott@lewisfeinberg.com

Jocelyn D. Larkin (SBN 110817)
**THE IMPACT FUND**
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473 / Facsimile: (510) 845-3654
Email: jlarkin@impactfund.org

*Counsel for Plaintiff and the Proposed Class*

Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY ARTIS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,<br><br>Defendants. | Case No.: C 10-05289 WHA (MEJ)<br><br>**JOINTLY SUBMITTED DISCOVERY DISPUTE LETTER**<br><br>Judge:   Hon. William Alsup<br>Courtroom:   Courtroom 9, 19th Floor<br><br>First Amended Complaint Filed:  March 16, 2011<br>Trial Date:  May 29, 2012 |

**Attestation:** Counsel for all parties attest that they have met and conferred on several occasions via in-person meetings, telephone calls, and written correspondence regarding the discovery dispute set forth in this letter.

Additional Counsel:

George A. Stohner (SBN 214508)
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612-2500 / Facsimile: (213) 612-2501
Email: gstohner@morganlewis.com

Eric Meckley (SBN 168181)
Shannon Nakabayashi (SBN 215469)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Tower
San Francisco, CA 94105
Telephone: (415) 442-1000 / Facsimile: (415) 442-1001
Email: emeckley@morganlewis.com, snakabayashi@morganlewis.com

*Counsel for Defendants Deere & Company and John Deere Landscapes, Inc.*

Dear Magistrate Judge James:

Pursuant to your Standing Order regarding Discovery & Dispute Procedures, Plaintiff Holly Artis and Defendants Deere & Company ("Deere") and John Deere Landscapes, Inc. ("JDL") (collectively "Defendants") submit this joint letter setting forth an unresolved discovery dispute. The parties have reached an impasse regarding the issue discussed in this letter, and Plaintiff seeks assistance from the Court.

**Unresolved Dispute and Pertinent Factual Background**

The First Amended Complaint ("Complaint") alleges nationwide gender discrimination in hiring against both Deere and JDL. On April 8, 2011, Plaintiff served her First Set of Requests for Production of Documents on Defendants. The requests seek various categories of documents from both Deere and JDL, including job applications and other sources of names, addresses, telephone numbers, and email addresses ("contact information") of putative class members and percipient witnesses. Plaintiff believes she is entitled to the discovery of this information. Defendants disagree.

**Plaintiff's Position**

The Complaint alleges nationwide discrimination claims against both Deere and JDL, on behalf of a class of female applicants and deterred applicants for entry level sales, customer service, and shipping and receiving positions in Deere's Equipment Operations divisions, including JDL (one of Deere's wholly-owned and operated divisions), who have been or may be denied employment by Defendants. *See* Complaint, Dkt. No. 14, ¶¶ 2, 7-14, 18-23. The Complaint alleges nationwide and company-wide discriminatory policies relating to hiring, *id.* ¶¶ 18-23, including that Deere "frowns upon hiring women," *id.* ¶ 27. The Complaint also alleges common statistical patterns for Deere and JDL, *id.* ¶¶ 18-23, including that management at Deere and JDL is predominantly male (of the top 51 company executives, only four are women), and that women hold only 10.6% of manager/supervisor positions at larger JDL locations, compared to 42.3% in the industry, *id.* ¶ 22. In his Order Denying Defendants Leave to File a Motion to Dismiss or Motion to Strike, Judge Alsup recognized the validity of the allegations in the Complaint and held that Plaintiff is entitled to fully develop the evidentiary record. *See* Dkt. No. 28 ("The operative complaint sets forth two artfully-pled claims for relief. The theories of the proposed motions address the corporate relationship between the two defendants and the proper scope of the alleged plaintiff class. These issues will be better resolved on motions for summary judgment or class certification, with the benefit of an evidentiary record.") Plaintiff's allegations in the Complaint demonstrate that nationwide discovery is "likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir.1977). Thus, Plaintiff is entitled to fully develop the evidentiary record to substantiate her class allegations.

In her discovery requests, Plaintiff seeks documents and electronically stored information that include, among other things, the contact information of people who applied for positions relevant to this lawsuit. *See* Plaintiff's First set of Requests for Production of Documents ("Requests"), Nos. 3, 7, 9, and 10. For example, Request No. 7 seeks job applications and related materials, and Request No. 10 seeks applicant information from Defendants' electronic databases. For each of these Requests, Defendants have refused to produce any contact information for applicants. Defendants have stated that they will redact all contact information contained in job applications and related materials, and that the electronic database information they intend to produce will include applicant identification numbers, but no contact information.

Plaintiff is entitled to the contact information of applicants for positions relevant and likely to lead to information that will substantiate class allegations, including: (1) that the class

is sufficiently numerous; (2) that Defendants provide female applicants and potential applicants discriminatory, inconsistent, or inaccurate statements about the job requirements and qualifications; (3) that Plaintiff's claim of injury resulting from Defendants' actions is typical of the class; and (4) that Defendants engage in a pattern or practice of discriminating against female applicants. Also, this discovery will allow Plaintiff to identify additional class representatives and class members with anecdotal information.

Thus, Plaintiff has made a "prima facie showing" that the class action requirements under Rule 23 can be met, and that "discovery is likely to produce substantiation of the class allegations." *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). As this Court held in *Currie-White v. Blockbuster, Inc.*, the disclosure of class member contact information is "common practice in the class action context." C 09-2593 MCC (MEJ), 2010 WL 1526314, at *2 (N. D. Cal., April 15, 2010) (citing *Babbit v. Albertson's Inc.*, C-92-1883 SBA (PJH), 1992 WL 605652, at *6 (N.D. Cal., Nov. 30, 1992) (ordering defendant employer to disclose contact information of current and past employees at pre-certification stage of Title VII case) and *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (ordering production of employee contact information in putative class action alleging wage and hour violations)). As was the case in *Currie-White*, the discovery of contact information is warranted here because it "will resolve factual issues necessary for the determination of whether the action may be maintained as a class action." *See id.* (citing *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975)). To deny Plaintiff discovery of applicant contact information "where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion." *See id.* (citing *Doninger*, 564 F.2d at 1313).

By contrast, Defendants have not identified any legitimate basis for withholding applicant contact information. ***First***, Defendants have failed to articulate any undue burden to justify denying or narrowing production of contact information here. In fact, producing complete applicant contact information here is not unduly burdensome in the least. Defendants have already indicated that they will produce job applications and related materials (with contact information redacted) for the approximately 800 potential applicants they say they have identified to date, as well as electronic database information for many requested fields (excluding contact information). Producing contact information for the applicants along with the other electronic database information is not unduly burdensome (indeed, Defendants do not contend otherwise), and producing the job application materials in unredacted form will actually be less work for Defendants. ***Second***, Defendants' argument that, if they are required to produce the discovery sought, the discovery should be limited to women who applied for relevant positions at JDL's Livermore facility is also baseless. While in cases such as *Currie-White* this Court has limited discovery of contact information to a representative group of putative class members, those cases are distinguishable in that those defendants had substantiated their position that the production was burdensome. *See, e.g.*, 2010 WL 1526314, at *2-3. Defendants' narrowing argument also ignores the allegations, which are not limited to one facility. *See* Complaint, ¶¶ 1, 20-22, 27, 41-46. In addition, Plaintiff is entitled to discovery of general entry-level job applications that do not specify a position based upon her allegations that the exact title of the open position to which Plaintiff applied was not specified, *id.* ¶ 25, and women may not know what positions are available because in many cases Defendants do not post or advertise job openings. *See* Complaint, ¶ 2, 20. ***Third***, the other cases Defendants have cited where courts denied requests for class contact information are also distinguishable. For example, Defendants cite *Krzesniak v. Cendant Corp.*, another case that was before this Court. C05-5156 MEJ, 2007 WL 756905 (N.D. Cal., Mar. 8, 2007). In that case, the Court found that the disclosure of putative class contact information prior to class certification was unnecessary where Plaintiff had already successfully contacted almost 10% of potential class members without the aid of such discovery. *Id.*, at *1. In contrast, here, Plaintiff believes that the class includes hundreds of former, current, and future female applicants and deterred applicants. However, Plaintiff has been able to reach fewer than five potential class members through informal means, rendering

the discovery sought all the more appropriate.  **Fourth**, any privacy interest class members have in connection with their contact information is outweighed by the relevance of the information sought and, in any event, can be readily be safeguarded by protective order.  *See e.g.*, *Currie-White*, 2010 WL 1526314, at *3; *Tierno v. Rite-Aid Corp.*, Case No. C 05-02520, 2008 WL 3287035, at *3 (N.D. Cal., July 31, 2008) (holding plaintiff's interest in contact information outweighed privacy interest of employees, which are adequately protected by protective order).  While the parties continue to meet and confer over a proposed stipulated protective order, Plaintiff has proposed language that expressly addresses any privacy concerns.

Finally, Defendants are incorrect that the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes et al.*, --- U.S. --- (June 20, 2011), affects Plaintiff's entitlement to the discovery of class contact information.  As discussed above, Plaintiff has set forth allegations demonstrating that the company "operated under a general policy of discrimination."  Complaint, ¶¶ 12-13.  In arguing that Plaintiff offers nothing but her own conclusions to support her allegations of company-wide discrimination, Defendants blatantly ignore these allegations.  In addition, *Wal-Mart v. Dukes* is further distinguishable in that the Supreme Court rendered its decision post-discovery, the Complaint in this case alleges a policy of discrimination, and this case is significantly smaller in scope and size.

The Court has placed this case on a tight schedule.  During the Case Management Conference for this case on March 24, 2011, Judge Alsup set the deadline to add new parties for July 29, 2011, and Plaintiff's Class Certification motion for November 10, 2011.  For this reason, Plaintiff seeks to locate and interview putative class members and witnesses as quickly as possible.  Plaintiff requests an order from the Court compelling Defendants to produce the contact information of putative class members and percipient witnesses as soon as practicable.

**Defendants' Position**

Following the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes et al.*, --- U.S. --- (June 20, 2011), the individualized information that putative class members may possess, is irrelevant to class certification.  In *Wal-Mart*, the Court held that to establish commonality for Fed. R. Civ. P. 23(a) purposes, a plaintiff must establish (1) the existence of a "companywide evaluation method that can be charged with bias" or (2) the company "operated under a general policy of discrimination."  Slip Op. at 12-13.  With respect to the second category, allegations of discretionary decision making by local supervisors will not suffice, and "significant proof," not the mere allegation of one applicant, is required to establish a "general policy of discrimination."  *Id.* at 14.  Thus, Plaintiff must identify a "companywide evaluation method that can be charged with bias" or offer "significant proof" of a "general policy of discrimination."  And while Plaintiff's Complaint points to alleged JDL and Deere policies, she offers nothing but her own conclusions to support her contention that (1) the policies exist and (2) the policies result in bias and/or constitute a general policy of discrimination.  In response to Defendants' discovery requests, Plaintiff provided little more than Deere's EEO-1 Reports and documents relating to her own charge of discrimination to support her allegations and offered no evidence of the JDL and Deere policies she challenges.  This is insufficient to warrant invasive discovery.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.").

Ninth Circuit precedent regarding pre-certification discovery must be interpreted consistently with the *Wal-Mart* framework. The Ninth Circuit has held that pre-certification discovery on a class-wide basis is not permissible unless the plaintiff can show that a class action is maintainable or that discovery is necessary to substantiate class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."); *Doninger v. Pac. N.W. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("[W]here the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites . . . the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations."); *see also Zautinsky v. Univ. of Cal.*, 96 F.R.D. 622 (N.D. Cal. 1983) (holding that plaintiff was not permitted a general inquisition into defendant's files merely on the strength of having filed a putative class complaint; plaintiff would first have to demonstrate some ability to establish a prima facie case).

Although Plaintiff has inconsistently represented whether she is able to make a prima facie showing that the class certification requirements are satisfied (*see* [Dkt. 30] at 2 (arguing that nationwide discovery is needed "to demonstrate that her claims are typical . . . and arise from Defendants' common employment practices")), she has not made such a showing and discovery of putative class member contact information will not substantiate her class allegations. Plaintiff's argument that she is entitled to discovery of putative class member contact information "to identify additional class representatives and class members" and determine whether their experiences were consistent with Plaintiff's only demonstrates the individualized nature of her claim—a claim that apparently requires individualized inquiry into the application experience of each putative class member. However, this is the antithesis of a class action. *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) ("[A] class action cannot be maintained where each member's right to recover depends on facts peculiar to his case . . . ."). Moreover, Plaintiff's claim that contact information is necessary to establish numerosity lacks merit because the putative class size may be determined simply by reference to the unique applicant identification numbers that Defendants are willing to provide. Plaintiff also contends contact information is necessary to substantiate her claim of alleged pattern or practice gender discrimination; however, as Plaintiff (and the Court) acknowledged during the case management conference on March 24, 2011, such a claim will likely depend upon statistical evidence, as opposed to the anecdotal experiences of individual applicants at different branches throughout the country. *See* [Dkt. 23], CMC Transcript 15:14-16:9.

Although Plaintiff argues that the provision of nationwide putative class member contact information is "common practice in the class action context," denying or limiting requests for such information is equally, if not more, common. *See, e.g., Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314 (N.D. Cal. Apr. 15, 2010) (limiting disclosure of putative class member contact information to 12 stores); *Chu v. Wells Fargo Invest., LLC*, No. C 05-4526 (N.D. Cal. Apr. 16, 2008) (limiting disclosure of putative class member information to those individuals who plaintiff had already identified); *Krzesniak v. Cendant Corp.*, No. C-05-5156 MEJ, 2007 WL 756905, *1 (N.D. Cal. Mar. 8, 2007) (denying disclosure of names, addresses, and telephone numbers of putative class members); *Keene v. Coldwater Creek, Inc.*, No. C 07-05324-WHA (N.D. Cal. Feb 28, 2008) (Judge Alsup: granting plaintiffs access to only

a small portion of the putative class' contact information); *DeLodder v. Aerotek*, No. CV 08-6044-CAS (AGRx) (C.D. Cal. Oct. 20, 2009, Dec. 18, 2009) (limiting disclosure of names and contact information to one California office).  And following the Supreme Court's decision in *Wal-Mart*, which eviscerated the theory that individualized decisions based on allegedly subjective decision-making can give rise to viable class claims, access to such information should be further restricted.

      Denying Plaintiff access to such information is particularly justified here because Plaintiff has offered no evidence to suggest that her experience is anything other than the experience of one applicant who applied for one position at one JDL branch in Northern California (an experience which the Equal Employment Opportunity Commission investigated extensively and for which it found no probable cause).  Indeed, Plaintiff relies exclusively on descriptive statistics gleaned from *Deere's* EEO-1 Reports and admits that she has been in contact with fewer than five putative class members despite the fact that the class period extends back over four and a half years and her counsel has been involved since at least 2008.  If Plaintiff's experience was anything other than the experience of one individual, Plaintiff should have evidence of the foundational policy upon which her claims are based and her outreach efforts should yield more than four potential putative class members (none of whom, to JDL's knowledge, filed a charge of discrimination against JDL as JDL is aware of only one charge alleging sex discrimination in hiring decisions during the relevant period—Plaintiff's).  This is insufficient evidence to allow Plaintiff to go fishing for her case; indeed, if this were enough, a mere descriptive statistic would allow any single plaintiff access to nationwide discovery of putative class contact information.

      As a secondary matter, individuals who applied for employment with JDL or Deere have a legitimate expectation of privacy in their identity, residential addresses, telephone numbers, and email addresses.  "Courts have frequently recognized that individuals have a substantial interest in the privacy of their home."  *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359 (2000); *see also Hill v. Colorado*, 530 U.S. 703, 716 (2000); *Prentice v. Fund for Public Interest Research, Inc.*, (2007) U.S. Dist. LEXIS 71122, *9 (N.D. Cal. Sept. 18, 2007) (holding that the Fund "did nothing wrong and should not be penalized" for withholding contact information of putative class members in response to plaintiffs' request because it would have risked violating California privacy laws had it complied).  Applicants communicated their residential information to Defendants in employment applications.  The confidential nature of this information implies that Defendant will maintain the privacy of the information and that it will only use that information for employment purposes.  Plaintiff has no countervailing interest that outweighs the right of privacy, particularly where she has provided little more than EEO-1 reports and an EEOC charge file to support her claims.

      However, if the Court is inclined to grant Plaintiff access to contact information for putative class members, the scope should be limited to putative class members who applied for an Inside Sales Associate, Customer Sales and Service Representative, or Shipping and Receiving position at JDL's Livermore, California branch during the relevant time period.  In addition, Plaintiff should be provided only the names and addresses, and not the telephone numbers, of the limited number of putative class members.  *See Tomassi v. City of Los Angeles*, No. CV 08-1851 DSF, 2008 WL 4722393, *4 (C.D. Cal. Oct. 24, 2008) (denying plaintiffs' request for the disclosure of the telephone numbers).

Sincerely,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: _____/ s /_____
Brad Seligman
Kirsten Scott

ANDRUS ANDERSON LLP
Jennie Lee Anderson
Jessica Moy

and

THE IMPACT FUND
Jocelyn D. Larkin

*Counsel for Plaintiff and the Putative Class*

MORGAN, LEWIS & BOCKIUS LLP

By: _____/ s /_____
George Stohner
Eric Meckley
Shannon Nakabayashi

*Counsel for Defendants*