UNITED STATES DISTRICT COURT

Northern District of California

HOLLY ARTIS, individually and on behalf of
all others similarly situated,

        Plaintiff,

  v.

DEERE & CO. and JOHN DEERE
LANDSCAPES, INC.,

        Defendants.

No. C 10-5289 WHA (MEJ)

**ORDER RE: DISCOVERY DISPUTE (DKT. #35)**

**I. INTRODUCTION**

Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff Holly Artis ("Plaintiff") and Defendants Deere & Company ("Deere") and John Deere Landscapes, Inc. ("JDL") (collectively, "Defendants") on June 24, 2011. Dkt. No. 35. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

**II. BACKGROUND**

Plaintiff filed this putative class action against Defendants under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., and the California Fair Employment & Housing Act, Cal. Gov. Code § 12940, et seq., alleging nationwide gender discrimination in hiring. Joint Letter, at 1; Pl's First Am. Compl. ("FAC") at 9, Dkt. No. 14. The Complaint alleges discrimination claims against Defendants on behalf of a class of female applicants and applicants deterred for entry level sales, customer service, and shipping and receiving positions in Deere's Equipment Operations

divisions, including JDL, who have been or may be denied employment by Defendants. FAC ¶¶ 2, 7-14, 18-23. Plaintiff seeks certification under Federal Rule of Civil Procedure ("Rule") 23 of the following class: "[A]ll female job applicants and deterred applicants for entry level sales, customer service and shipping and receiving positions in Deere's Equipment Operations divisions who have been or may be denied employment by Defendants." *Id.* at 2. Plaintiff alleges "that the class includes hundreds of former and current female applicants and deterred applicants as well as future applicants and deterred applicants." *Id.* at 2.

At issue here is Plaintiff's First Set of Requests for Production of Documents, which seek various categories of documents from Defendants, including job applications and other sources of names, addresses, telephone numbers, and email addresses ("contact information") of putative class members and percipient witnesses. Joint Letter, Ex. 1. Plaintiff believes that she is entitled to this discovery so that she can fully develop the evidentiary record to substantiate her class allegations. *Id.* at 1.

### III. DISCUSSION

In the Joint Letter, Plaintiff argues that she is entitled to an order compelling Defendants to produce the contact information because it is necessary to assemble information she needs to meet the elements required for class certification under Rule 23. *Id.* In support of this argument, Plaintiff maintains that this discovery will likely lead to information that will substantiate the class allegations, including: "(1) that the class is sufficiently numerous; (2) that Defendants provide female applicants and potential applicants discriminatory, inconsistent, or inaccurate statements about the job requirements and qualifications; (3) that Plaintiff's claim of injury resulting from Defendants' actions is typical of the class; and (4) that Defendants engage in a pattern or practice of discriminating against female applicants." *Id.* at 1-2.

In response, Defendants argue that, under the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes et al.*, --- U.S. ---, 2011 WL 2437013 (June 20, 2011), the individualized information that putative class members may possess is irrelevant to class certification. Joint Letter at 3. Specifically, Defendants argue that, under *Wal-Mart*, Plaintiff must identify a companywide

2

1 evaluation method that can be charged with bias or offer significant proof of a general policy of
2 discrimination. *Id.* Defendants contend that Plaintiff is unable to make either showing and is
3 therefore not entitled to the discovery at issue. *Id.* Defendants also argue that Plaintiff has "offered
4 no evidence to suggest that her experience is anything other than the experience of one applicant
5 who applied for one position at one JDL branch in Northern California," and that if her experience
6 was anything other than the experience of one individual, "she should have evidence of the
7 foundational policy upon which her claims are based." *Id.* at 5. Defendants further argue that
8 individuals who applied for employment have a legitimate expectation of privacy in their identity
9 and contact information.

**A.     Legal Standard**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

A court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed. R. Civ. P. 23(c)(1). Accordingly, discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). "[t]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain

3

the material, especially when the information is within the sole possession of the defendant." *Id.*

Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

**B.      Application to the Case at Bar**

Here, the Court finds that Plaintiff is able to establish a prima facie case. As to the first element under Rule 23, she has alleged "that the class includes hundreds of former and current female applicants and deterred applicants as well as future applicants and deterred applicants." FAC at 2. Plaintiff has also alleged that "Defendants provide female applicants and potential applicants discriminatory, inconsistent, or inaccurate statements about the job requirements and qualifications," thus satisfying the commonality requirement of the second element. Joint Letter at 2. Under the third element, Plaintiff has alleged that her claim of injury is typical of the class. *Id.* And finally, Plaintiff has alleged that Defendants engage in a pattern or practice of discriminating against female applicants. *Id.* Thus, the prima facie requirement is satisfied, and the Court must determine whether discovery of the requested contact information will likely provide Plaintiff an opportunity to present evidence as to whether a class action is maintainable.

The disclosure of names, addresses, and telephone numbers is a common practice in the class action context. *See Currie-White v. Blockbuster, Inc.,* 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010); *see also Babbit v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) (at pre-certification stage of Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2002) (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective order, including those who worked in a sales division other than the plaintiff's own). Given this standard, the Court

finds that Plaintiff is entitled to the contact information of putative class members. Plaintiff seeks this information in order to substantiate class allegations and to meet the certification requirements under Rule 23. The contact information and subsequent contact with potential class members is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action may be maintained as a class action.

In reviewing Defendants' arguments, the Court notes that, with the exception of the applicants' right to privacy, their arguments tend to focus on whether Plaintiff will ultimately satisfy her burden of establishing that a class action is proper under Rule 23. However, the Court need not concern itself with these arguments here as Plaintiff's burden at this stage is to make a prima facie showing that the Rule 23 class action requirements are satisfied, which the Court finds that she has done. *Manolete*, 767 F.2d at 1424.

Further, Defendants argue that, under *Wal-Mart*, Plaintiff must identify a companywide evaluation method or significant proof of a general policy of discrimination. However, once again, these arguments tend to go to the merits of Plaintiff's claims, which are not appropriately addressed in the context of this discovery dispute. Because such information is most likely in the possession of Defendants, the Court finds it necessary to afford Plaintiff the opportunity to propound enough discovery to obtain the material. *Doninger*, 564 F.2d at 1313. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.* As Judge Alsup has already noted, "[t]hese issues will be better resolved on motions for summary judgment or class certification, with the benefit of an evidentiary record." Order Den. Leave to File Mot. to Dismiss and Mot. to Strike, Dkt. No. 28.

Turning to Defendants' argument regarding the right to privacy, the Court agrees that the applicants do have a right to privacy. When the constitutional right of privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal.

1 Feb. 8, 2007) (citing *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853-54 (1994)). Compelled discovery within the realm of the right of privacy "cannot be justified solely on the ground that it may lead to relevant information." *Id.* (citing *Britt v. Superior Court*, 20 Cal .3d 844, 856 (1978)). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Id.* (citing *Lantz*, 28 Cal. App. 4th at 1854. "As a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Id.* (internal citation and quotations omitted).

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiff's gender discrimination claims, as well as other class certification issues. Further, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Id.* While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive. *See, e.g., Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"). As a result, Defendants' privacy objections must yield to Plaintiff's request for the information.

Moreover, the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure. The discovery is to be produced to Plaintiff's counsel only and to be used only in this litigation. Under these circumstances, the potential privacy interests of putative class members are adequately balanced. *Id.*

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows. Defendants are ORDERED to

disclose to Plaintiff the contact information of all putative class members. Further, the parties are ORDERED to meet and confer and subsequently file a joint stipulation and proposed protective order regarding disclosure of the contact information within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 29, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge