MORGAN, LEWIS & BOCKIUS LLP
GEORGE A. STOHNER, State Bar No. 214508
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail: gstohner@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
SHANNON NAKABAYASHI, State Bar No. 215469
One Market, Spear Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: emeckley@morganlewis.com
       snakabayashi@morganlewis.com

Attorneys for Defendants
DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOLLY ARTIS,<br><br>  Plaintiff,<br><br> vs.<br><br>DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,<br><br>  Defendants | Case No. C 10-05289 WHA<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. #36)**<br><br>[FRCP 72(a)] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER (10-
05289 WHA)

DB2/ 22541751.2

Alleging nothing more than her singular experience of applying for employment at one John Deere Landscapes ("JDL") location nearly four years ago, Plaintiff purports to represent a nationwide class of all female applicants and deterred applicants for entry level sales, customer services and shipping and receiving positions with Defendants JDL and Deere & Company ("Deere"). And based on her conclusory thread-bare pleadings, Plaintiff argued, and Magistrate James erroneously agreed, that she is entitled to the names, addresses, and contact information for *all* putative class members. But the Magistrate's Order is contrary to both Supreme Court and Ninth Circuit precedent and disregards the privacy rights of thousands of individuals who merely applied for employment with Defendants.

Notwithstanding recent Supreme Court precedent and Defendants strong view that Plaintiff is embarking on a fishing expedition, Defendants have agreed to and have produced nationwide data, are conferring with Plaintiff to schedule a Rule 30(b)(6) deposition, and will provide additional information regarding the dearth of comparable jobs at Deere to develop a mature record upon which a ripe decision as to scope and propriety of class certification can be made. That said, Defendants must distinguish between agreeing to absorb a burden not otherwise required under the law and agreeing to a fishing expedition that infringes on privacy rights of third parties. Accordingly, pursuant to Fed. R. Civ. Proc 72(a) and Local Rule 72-2, Defendants respectfully request that the Court reverse Magistrate James' erroneous June 29, 2011 "Order Re: Discovery Dispute" ("Order") (Dkt # 36) and award all other appropriate relief.[1]

I. **ARGUMENT**

A. **The Magistrate's Order Is Contrary To Supreme Court And Ninth Circuit Precedent**

In holding that "Plaintiff is able to establish a prima facie case" (Dkt. #36, 4:9), the Order fails to recognize the implications of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes et al.*, --- S.Ct. ---, 2011 WL 2437013 (2011).[2] *Wal-Mart* does not solely relate to the

---

[1] For the Court's Convenience, a copy of the parties' Jointly Submitted Discovery Dispute Letter (Dkt. #35) is attached hereto as **Exhibit 1**.
[2] *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22541751.2

1

MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER (10-05289 WHA)

merits of a certification decision, as the Order suggests (Dkt. #36, 5:12-15), but also influences the showing needed to establish a *prima facie* case. In *Wal-Mart*, the Supreme Court cautioned that more than a "competently crafted class complaint" is required to establish commonality under Rule 23(a). *Wal-Mart*, 2011 WL 2437013, at *7. "[T]he mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once." *Id.* Questions such as "Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get?" are insufficient to show commonality as a matter of law. *Id.* Instead, a plaintiff must articulate a question "of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Plaintiff has not done so.

To support her "class allegations," Plaintiff's Complaint offers "common questions" that are of the same pen as those rejected by the Supreme Court in *Wal-Mart*. Am. Compl., Dkt. #14, ¶ 9 (proposing common questions such as "whether Defendants' policies and practices have a disparate impact on women" and "whether the disparate impact constitutes a violation of Title VII"); *see* Dkt. #36, 4:15-17 ("Plaintiff has alleged that Defendants engage in a pattern or practice of discriminating against female applicants."). It cannot be the case that "common questions" that are an insufficient basis for certification as a matter of law sufficiently establish a *prima facie* case upon which to base a grant of class-wide discovery.

The Order also suggests that Plaintiff's allegation that "Defendants provide female applicants and potential applicants discriminatory, inconsistent, or inaccurate statements about the job requirements and qualifications" somehow satisfies commonality. Dkt. #36, 4:9-14. But this is not a question "of such a nature that it is capable of class-wide resolution." *Wal-Mart*, 2011 WL 2437013, at *7. Answering this question requires a class member-by-class member inquiry to determine (1) whether each class member communicated with Defendants, (2) the content of the communication, (3) whether the communication related to "job requirements and

---

requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER (10-05289 WHA)

DB2/ 22541751.2

1  qualifications," and (4) whether the statements were "discriminatory, inconsistent, or inaccurate."
2  A "common question" cannot be resolved "in one stroke" where the response to the question will
3  vary by class member.

4  Similarly, the Order points to nothing that establishes a *prima facie* showing that Rule
5  23(b)(2) or (b)(3)—the subsections under which Plaintiff seeks certification (Dkt. #14, ¶¶ 12-
6  13)—can be satisfied. Rule 23(b)(2) permits certification where "the party opposing the class has
7  acted or refused to act on grounds that apply generally to the class, so that final injunctive relief
8  or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.
9  23(b)(2). Plaintiff, however, seeks an unspecified monetary award for backpay, front pay, and
10 punitive damages. Dkt. #14, at 12. As a matter of law, pursuit of these damages precludes
11 certification under Rule 23(b)(2). "[C]laims for *individualized* relief (like the backpay at issue
12 here) do not satisfy [Rule 23(b)(2)]." *Wal-Mart*, 2011 WL 2437013, at *12; *see id.* ("Rule
13 23(b)(2) . . . does not authorize class certification when each class member would be entitled to
14 an individualized award of monetary damages."); *see Lee v. ITT, Corp.*, --- F. Supp. 2d ----, 2011
15 WL 2516367, at *6 (W.D. Wash. June 24, 2011) (holding claims for "individualized awards of
16 monetary damages in the form of backpay and retroactive compensation for benefits . . . cannot
17 be certified under Rule 23(b)(2)").[3]

18 Certification under Rule 23(b)(3) is appropriate when "the court finds that the questions of
19 law or fact common to class members predominate over any questions affecting only individuals
20 members, and that a class action is superior to other available methods for fairly and efficiently
21 adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). However, if Plaintiff cannot make a
22 *prima facie* showing of commonality under Rule 23(a), as is the case here, it is impossible for her
23 to establish a *prima facie* showing that Rule 23(b)(3) can be satisfied. *See Danvers Motor Co.,*
24 *Inc. v. Ford Motor Co.*, 543 F.3d 141, 148 (3d Cir. 2008) (holding Rule 23(b)(3)'s predominance

---

[3] Moreover, claims for individualized monetary damages can no longer be certified under Rule 23(b)(2) even if claims for injunctive and declaratory relief "predominate." In *Wal-Mart*, the Court held, "The mere 'predominance' of a proper (b)(2) injunctive claim does nothing to justify the elimination of Rule 23(b)(3)'s procedural protections . . . We fail to see why the Rule should be read to nullify these protections whenever a plaintiff class, at its option, combines its monetary claims with a request—even a "predominating request"—for an injunction." *Id.* at *14.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER (10-
05289 WHA)

DB2/ 22541751.2

requirement "subsume[s]" the commonality requirement and is more stringent).[4] Thus, contrary to the Order, rather than establish a *prima facie* case that class treatment is appropriate, Plaintiff's Complaint provides a basis for striking Plaintiff's class claims as a matter of law.

While Plaintiff's pleadings fall far short of establishing a *prima facie* showing that class treatment is appropriate, even if they did, mere allegations in a Complaint are not enough. *See Zautinsky v. Univ. of Cal.*, 96 F.R.D. 622 (N.D. Cal. 1983) (holding that plaintiff was not permitted a general inquisition into defendant's files merely on the strength of having filed a putative class complaint; plaintiff would first have to demonstrate some ability to establish a *prima facie* case). Under prior Supreme Court precedent, which was not abrogated by *Wal-Mart*, Plaintiff cannot be permitted to obtain class-wide discovery when she offers nothing other than pure speculation that class treatment is appropriate. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."). Here, Plaintiff offers nothing more than her own allegations relating to her own experience applying for one job at one JDL location nearly four years ago. From this, and only this, she extrapolates that others must have had similar experiences. This cannot be the basis upon which Defendants are forced to incur costly class-wide discovery. *Twombly*, 550 U.S. at 558 (urging courts to think twice before permitting costly discovery in putative class cases).

### B. Plaintiff Must Meet A Heightened Standard In Order To Protect Third Parties' Privacy Rights

Individuals who applied for employment with JDL or Deere have a legitimate expectation of privacy in their identity, residential addresses, telephone numbers, and email addresses. Dkt #36, 5:23-6:9. "Courts have frequently recognized that individuals have a substantial interest in

---

[4] Even if Plaintiff could articulate a common question, which she cannot, it is now clear, as a matter of law, that those questions would not predominate over the individual ones raised by each putative class member's claim for monetary damages. A defendant in a gender discrimination class action "is entitled to individualized determinations of each employee's eligibility for backpay." *Wal-Mart*, 2011 WL 2437013, at *15; *see also Int'l Bhd. Teamsters v. United States*, 431 U.S. 324, 360-62 (1977) (noting right of employer to show lawful reasons for treatment of individual employees even after proof of discriminatory policy).

the privacy of their home." *Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359 (2000); *see also Hill v. Colorado*, 530 U.S. 703, 716 (2000); *Prentice v. Fund for Public Interest Research, Inc.*, (2007) U.S. Dist. LEXIS 71122, *9 (N.D. Cal. Sept. 18, 2007) Discovery into private information "cannot be justified solely on the ground that it *may* lead to *relevant* information." *Britt v. Superior Court,* 20 Cal. 3d 844, 856 (1978) (emphasis added). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right to privacy." *Lantz v. Superior Court,* 28 Cal. App. 4th 1839, 1853-54 (1994).

Plaintiff cannot meet the heightened "compelling need" standard. Based on the thinnest of allegations, Plaintiff seeks private contact information for thousands of job *applicants*.[5] And contrary to the Order and Plaintiff's contentions, this information is not needed to substantiate Plaintiff's class allegations, but rather, is needed to solicit additional plaintiffs. Dkt. #35, at 4. Plaintiff's counsel have expressly acknowledged as much in noting that putative class member contact information will allow them "to identify additional class representatives" and in seeking Defendants' position regarding an enlargement of the deadline by which to amend the pleadings (currently scheduled for July 29) because of this appeal. Certainly, when putative class members merely submitted an application for employment with Defendants' they did not also believe that they were checking a box that would permit solicitations by lawyers. Cold-calling putative class members, who in some instances applied for employment over four and a half years ago, to determine whether Plaintiff's experience is "typical" is a fishing expedition that this Court should not condone, much less endorse.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reverse the Magistrate's Order and limit disclosure of putative class members' contact information.

---

[5] JDL has identified well over *3,500 applicants* in at least *33 states* who applied for one of over *200* relevant positions that were filled during the class period. Defendants do not believe there are any comparable positions at Deere, but, at this point, it is Plaintiff's position that the Order would require Defendants to identify an unascertainable number of Deere applicants as well.

| | | |
|---|---|---|
| 1 | Dated: July 15, 2011 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By /s/ Eric Meckley |
| 4 | | Eric Meckley<br>Attorneys for Defendants<br>DEERE & COMPANY and JOHN DEERE |
| 5 | | LANDSCAPES, INC. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22541751.2

6

MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER (10-
05289 WHA)