IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOLLY ARTIS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,

    Defendants.

No. C 10-05289 WHA

**ORDER DENYING RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND EXTENDING DEADLINE TO ADD NAMED PLAINTIFFS**

## INTRODUCTION

In this Title VII action, defendants challenge a magistrate judge's order requiring them to produce the names and contact information of putative class members. For the following reasons, defendants' request for relief from that order is **DENIED**. Additionally, plaintiff requests an extension of the deadline for seeking leave to add named plaintiffs. Plaintiff's motion is **GRANTED IN PART**.

## STATEMENT

Plaintiff Holly Artis filed this putative class action against defendants Deere & Company and John Deere Landscapes, Inc. for alleged nationwide gender discrimination in hiring. The putative class is comprised of "all female job applicants and deterred applicants for entry level sales, customer service and shipping and receiving employment by Deere's Equipment Operations divisions" (First Amd. Compl. ¶ 7). After the parties failed to resolve discovery

1  disputes on their own, all discovery matters were referred to Magistrate Judge James. On
2  June 29, 2011, Magistrate Judge James issued an order compelling defendants to produce the
3  contact information of all putative class members (Dkt. No. 36). Defendants now request relief
4  from that order (Dkt. No. 39).

## ANALYSIS

When a party timely objects to a magistrate judge's pretrial order, the district judge must review the ruling. FRCP 72. Which standard of review is applied depends on whether the order was dispositive. When the order concerns a nondispositive issue, as is the case here, the district judge must "set aside any part of the order that is clearly erroneous or is contrary to law." FRCP 72(a). A "magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). As Magistrate Judge James' order is neither clearly erroneous nor contrary to law, the motion requesting relief from that order is **DENIED**.

Pre-certification discovery of putative class members' contact information is proper when plaintiff either makes a prima facie showing that Rule 23 is satisfied or when plaintiff shows "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Here, Magistrate Judge James found that plaintiff had established a prima facie case for class certification. She made the following findings as to numerosity, commonality, typicality, and adequacy representation. FRCP 23(a). *First*, the complaint alleged that hundreds of former female job applicants were discriminated against, making a prima facie showing of numerosity. *Second*, a prima facie showing of commonality was made among female applicants who allegedly were provided with "discriminatory, inconsistent, or inaccurate statements about the job requirements and qualifications." *Third*, the complaint presented a prima facie showing of typicality in that plaintiff's claim of injury — denial of employment, wages, and benefits — was typical of the class. *Fourth*, the interests of the putative class members were implicated by plaintiff's allegations that defendants engage in a pattern or practice of discriminating against female job applicants (Dkt. No. 36 at 4).

2

Defendants raise two main objections to Magistrate Judge James' order, both of which she already addressed. *First*, defendants argue that the Supreme Court's recent *Wal-Mart* decision controls here and requires a different result. *See Wal-Mart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 2553–54 (2011). They contend that the *Wal-Mart* decision raised the threshold for the commonality requirement, even at the pre-certification stage. *Wal-Mart*, however, does not govern the present dispute. That decision addressed a different procedural posture and readily distinguishable facts.

*Second*, defendants claim that the discovery order violates third parties' rights to privacy. The constitutional right to privacy is not absolute. Magistrate Judge James carefully balanced the "compelling public need" for discovery with the "fundamental right to privacy" (Dkt. No. 36 at 6). She also noted that defendants were free to request a protective order limiting disclosure and use of the contact information to the parties in this action. Magistrate Judge James' analysis does not contradict the authority defendants cite, because the contact information at issue here is not as sensitive as the contact information in those decisions. *Cf. Planned Parenthood Golden Gate v. Super. Ct.*, 83 Cal. App. 4th 347, 359–60 (2000) (declining to disclose contact information of employees and volunteers at clinic due to risk of harm).

Defendants have not shown that Magistrate Judge James' order was clearly erroneous or contrary to law. For that reason, their motion for relief from that order is **DENIED**. Defendants shall produce to plaintiff the contact information of all putative class members by **AUGUST 22, 2011**.

\*         \*         \*

As a result of this discovery dispute, plaintiff requests an extension of the deadline for seeking leave to add named plaintiffs (Dkt. No. 44). Plaintiff diligently sought discovery of potential class members; defendants' responses to plaintiff's first set of document requests were due on May 6 — well in advance of the July 29 deadline for seeking leave to amend the pleadings. The disputed contact information, however, still has not been produced, and plaintiff now has lost three months in which to contact potential class representatives. Plaintiff should not be penalized for defendants' discovery stonewalling.

3

Plaintiff may file a motion for leave to add named plaintiffs by **SEPTEMBER 22, 2011**. The motion must be noticed to be heard on the normal 35-day track. The addition of any named plaintiff(s) to this action will *not* be grounds for further alterations to the case management schedule, including the November 10 deadline for filing a motion for class certification.

## CONCLUSION

For the above reasons, defendants' Rule 27 motion is **DENIED** and plaintiff's motion to extend the deadline for moving to add named plaintiffs is **GRANTED IN PART**. Defendants shall produce to plaintiff the contact information of all putative class members by **AUGUST 22, 2011**. Plaintiff may file a motion for leave to add named plaintiffs by **SEPTEMBER 22, 2011**. The motion must be noticed to be heard on the normal 35-day track. The addition of any named plaintiff(s) to this action will *not* be grounds for further alterations to the case management schedule, including the November 10 deadline for filing a motion for class certification.

**IT IS SO ORDERED.**

Dated: August 8, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4