UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| HOLLY ARTIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>DEERE & CO. and JOHN DEERE LANDSCAPES, INC.,<br><br>        Defendants.<br>_____/ | No. C 10-5289 WHA (MEJ)<br><br>**ORDER RE: DISCOVERY DISPUTE (DKT. #54)** |

Before the Court is the joint discovery dispute letter filed by Plaintiff Holly Artis and Defendants Deere & Company and John Deere Landscapes, Inc. on September 1, 2011. Dkt. No. 54. The parties' dispute concerns Defendants' outstanding discovery responses to Plaintiff's requests for production of documents. Specifically, Plaintiff requests that the Court order Defendants to immediately produce all of the outstanding discovery responses related to:

1) Data and documents related to entry-level customer service, sales, and shipping & receiving positions within the Construction and Forestry division of Deere;

2) JDL's investigation of discrimination charges brought with governmental agencies by women other than Ms. Artis, and/or a privilege log detailing withheld documents;

3) JDL's internal investigation of complaints of discrimination made to its hotline, and/or a privilege log detailing withheld documents; and

4) Non-privileged documents related to JDL's investigation of Ms. Artis's EEOC

1    charge.

2 Dkt. No. 54 at 1-2. Plaintiff argues that it is imperative that this discovery is obtained immediately

3 as there is a November 10, 2011 deadline for filing a motion for class certification. *Id.* at 2.

4    In response, Defendants maintain that they have agreed to produce documents and discovery

5 responses relating to each of the categories outlined above "as soon as possible," but they are unable

6 to stipulate to an exact production date due to circumstances outside of their control. *Id.* at 3-4.

7 Specifically, Defendants state that they are producing discovery on a nationwide basis, which often

8 involves third party vendors. *Id.* at 2-3. Defendants argue that the parties agreed that Defendants

9 would produce documents on a rolling basis in the order requested by Plaintiff. *Id.* at 3.

10    Given the November 10 filing deadline for her class certification motion, it is understandable

11 that Plaintiff seeks discovery responses in a timely manner. However, it appears that Defendants

12 have agreed to produce the requested discovery at the speed at which they are able, and the motion

13 filing deadline is still over two months away. Plaintiff has failed to show that Defendants will not

14 complete discovery in time for this deadline. Further, the non-expert discovery cut-off date is not

15 until February 29, 2012, (Dkt. No. 24), and it appears that the broad discovery categories addressed

16 in the parties' letter may not all focused on class certification issues. If there is no specific dispute

17 before the Court, it is unclear how Plaintiff expects the Court to intervene. Accordingly, the Court

18 finds no need to act at this time. However, Defendants should be mindful of the November 10 filing

19 deadline and ensure that Plaintiff receives all requested discovery far enough in advance to prepare

20 her motion.

21    **IT IS SO ORDERED.**

23 Dated: September 6, 2011

   _____
   Maria-Elena James
   Chief United States Magistrate Judge

2