IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY ARTIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,<br><br>Defendants. | No. C 10-05289 WHA<br><br>**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND VACATING HEARING** |

## INTRODUCTION

In this purported class action for gender discrimination, plaintiff moves for leave to file a second amended complaint. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff commenced this purported class action in November 2010. She filed an amended complaint in March 2011, and that pleading remains operative. It purported to bring the action "on behalf of a Title VII class of all female job applicants and deterred applicants for entry level sales, customer service and shipping and receiving positions in DEERE's Equipment Operations divisions who have been or may be denied employment" by defendants (Amd. Compl. ¶ 7).

A case management conference was held a week after plaintiff filed her amended complaint. Following the conference, a case management scheduling order was issued on March 28, 2011. That order stated: "Leave to add any new parties or pleading amendments must be sought by **JULY 29, 2011**" (Dkt. No. 24 at 1).

In July 2011, plaintiff requested an extension of the deadline for seeking leave to add named plaintiffs (Dkt. No. 44). The request was based on a discovery delay caused by defendants' stonewalling. It was granted in August 2011. Plaintiff was instructed that she "may file a motion for leave to add named plaintiffs by **SEPTEMBER 22, 2011**" (Dkt. No. 51 at 3–4).

Plaintiff filed the instant motion for leave to file a second amended complaint on September 22, 2011. The proposed pleading adds two named plaintiffs and also contains other amendments (Dkt. No. 59). Defendants do not oppose the addition of the two new plaintiffs, but they do oppose the other proposed amendments (Dkt. No. 63). Plaintiff describes those additional changes as "amend[ing] allegations to conform to the evidence produced to date and narrow[ing] the class" (Br. 1). Defendants, on the other hand, view them as "substantially expand[ing] the scope of the class" (Opp. 1). This order follows full briefing.

**ANALYSIS**

FRCP 15(a) states that a court should freely grant leave to amend when justice so requires. Leave to amend, however, is not automatic. A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations omitted).

Once a district court has issued a scheduling order, FRCP 16 controls. The scheduling order limits the time during which a party can amend its pleadings. Without a request to modify the scheduling order, a party cannot amend its pleadings. At that point, any schedule modification to allow pleading amendments must be based on good cause. FRCP 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause requires diligence by the moving

2

party. A modification of the pretrial schedule would be merited if the deadline could not be met "despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's request to add two more named plaintiffs was timely filed and is not opposed. As to the addition of two new named plaintiffs, the motion is **GRANTED**.

Plaintiff's request to make other pleading amendments, however, is untimely. The deadline for seeking leave to amend passed on July 29, 2011 — nearly two months before plaintiff filed the instant motion. The extension plaintiff was granted in August 2011 was limited to the narrow purpose of adding new named plaintiffs; it did not allow other pleading amendments.

Plaintiff makes no claim that she could not have met the July 29 deadline despite her diligence in prosecuting her case. Plaintiff's reply brief notes that in June 2011 she requested a Rule 30(b)(6) deposition of defendant John Deere Landscapes, Inc. to be scheduled within July, but that due to defendant's scheduling constraints the deposition took place on September 8, 2011 (Reply Br. 4). Plaintiff was on notice of the July 29 deadline when she agreed to schedule the deposition for September.

Plaintiff has not shown good cause for amending the case management scheduling order to allow her unauthorized pleading amendments. As to the proposed amendments other than adding named plaintiffs, the motion is **DENIED**. This order need not reach the parties' arguments concerning whether those amendments would have narrowed or expanded the proposed class and whether they would have prejudiced defendants.

3

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a second amended compliant is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may file a second amended complaint that adds two more named plaintiffs, but the new pleading must be identical to the previous one in all other respects. It must be filed by **OCTOBER 21, 2011**. The motion hearing previously set for October 27, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE