UNITED STATES DISTRICT COURT

Northern District of California

HOLLY ARTIS, *et al.*,

         Plaintiffs,

  v.

JOHN DEERE LANDSCAPES, INC. *et al.*,

         Defendants.

No. C 10-05289 WHA (MEJ)

**ORDER RE DISCOVERY DISPUTE**
[Docket No. 65]

On October 8, 2011, the parties in this matter filed a joint letter detailing their dispute concerning production of discovery relating to certain positions at JDL. Dkt. No. 65. At the time the parties filed their joint letter, Plaintiff's motion to file a second amended complaint was pending before Judge Alsup, the presiding judge in this matter. *See* Dkt. No. 59. In her motion, Plaintiff sought to add two named plaintiffs and to make other substantive amendments to the then-operative First Amended Complaint. On October 17, 2011, Judge Alsup issued an order granting Plaintiff's request to add two name plaintiffs, but denying the motion as to any other amendments. On October 20, 2011, Plaintiffs filed their Second Amended Complaint. Dkt. No. 71. The Second Amended Complaint (as in the prior pleading), seeks to bring a class action "on behalf of a Title VII class of all female job applicants and deterred applicants for entry level sales, customer service and shipping and receiving positions in Deere's Equipment Operations divisions who have been or may be denied employment," by Defendants. Sec. Amend. Compl. ("SAC") ¶ 12.

**1.    Overview of the Parties' Dispute**

Plaintiff seeks to compel production of discovery from JDL relating to the following job categories: (1) outside sales representative; (2) direct sales associate; and (3) laborer. Plaintiff asserts that this discovery falls within the class definition as the categories fall within the scope of "entry level sales, customer service, and shipping and receiving positions" at JDL, as supported by the job

1  descriptions and testimony from Kimberly Chadwick. Letter at 1. Plaintiff also argues that through
2  the discovery she obtained, she learned that these positions fit within the class definition. Letter at 2.
3  Plaintiff therefore requests that the Court order Defendants to produce discovery related to the
4  outside sales representative, direct sales associate, and laborer positions, including applications, job
5  postings, and applicants and hiring date within one week. Letter at 2.

6        Defendants, however, maintain that Plaintiff's requested discovery is not only untimely, but
7  seeks information about positions falling outside the class definition. Letter at 3. Defendants charge
8  that Plaintiff is attempting to expand the class definition through discovery, after Judge Alsup denied
9  her request to amend the complaint. Suppl. Joint Letter at 3, Dkt. No. 72. Defendants argue that they
10 previously produced all discovery relating to the positions expressly referenced in the Amended
11 Complaint, and despite the fact that the parties met and coffered extensively regarding Defendants
12 Responses to Plaintiff's Request for Production, "[a]t no point during these discussions did Plaintiff
13 inform Defendants or the Court that it was her position that the additional job titles . . . fall within the
14 class definition . . . ." Letter at 3. Defendants also assert that, contrary to Plaintiff's characterization,
15 Ms. Chadwick's testimony confirmed that the positions are not entry level customer service and
16 shipping and receiving positions. *Id*. at 4. Finally, Defendants argue that it would be unduly
17 burdensome to force them to review over 10,000 documents a second time to determine if they are
18 responsive to Plaintiff's request just weeks before briefing is set to begin on Plaintiffs' class
19 certification motion. *Id*. at 5.

20 **2.    Ruling**

21       The Court has carefully considered the parties' positions and agrees with Defendants that the
22 discovery Plaintiff seeks relating to the outside sales representative, direct sales associate, and laborer
23 positions would effectively expand the scope of the class definition after Judge Alsup expressly
24 denied Plaintiff's request for leave to amend her pleading to add allegations regarding the three job
25 categories. Moreover, as Defendants point out, if Plaintiff believed that information regarding the
26 three job categories was responsive to its RFP and should have been produced by Defendants,
27 Plaintiffs should have sought relief in conjunction with its prior discovery requests. Accordingly, the
28

2

Court **DENIES** Plaintiff's request to compel production of discovery relating to these positions.

**IT IS SO ORDERED.**

Dated: October 31, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge