# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| HOLLY ARTIS, *et al.*, | No. C 10-05289 WHA (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | [Docket No. 73] |
| JOHN DEERE LANDSCAPES, INC. *et al.*, | |
| Defendants. | |

On October 28, 2011, the parties filed a joint letter regarding a discovery dispute concerning No. 29 of Plaintiff's First Set of Requests for Production of Documents, wherein Plaintiff sought: "[a]ny DOCUMENTS reflecting, listing, or RELATING TO annual incumbency, turnover, compensation, benefit and pay rates, and vacancy fill rates by gender for sales, customer service, and shipping and receiving positions, nationally and/or in each division and region." Letter, Dkt. No. 73. Defendants object to production of any discovery on the incumbency, turnover, compensation or benefit and pay rates for JDL. Plaintiffs now seek to compel production of all documents and electronic data relating to these categories.

In support of their request to compel production, Plaintiffs contend that the information regarding compensation, turnover, and benefit and pay rates is relevant to the computation of damages for Plaintiffs and the putative class. *Id*. at 2. Specifically, Plaintiffs assert that discovery regarding gender incumbency in class positions is relevant to show: (1) an imbalance in the number of females in class positions; and (2) that potential female applicants are deterred from applying by Deere's practices. *Id*.

Defendants, however, maintain that the discovery is irrelevant to any class certification issues that are now before the Court. *Id*. With respect to Plaintiffs' position that the discovery is relevant to damages, Defendants counter that "while the method of calculating class member damages may be

relevant to the appropriateness of class certification, the specific damages awards to which each putative class member would argue she is entitled have no bearing on whether class certification is appropriate." *Id*. at 3. As to information relating to incumbency, Defendants argue that such information goes to the merits of Plaintiffs' claim, not to any of the certification issues, and in any event, is beyond of the scope of Plaintiffs' Amended Complaint, which alleges claims on behalf of external applicants. *Id*. Further, Defendants argue that because the information Plaintiffs seek implicates the privacy rights of third-parties, Plaintiffs must show that there is a compelling public need for such discovery. *Id*. at 4. Finally, Defendants contend that RFP No. 29 does not seek production of electronic data. *Id*.

The Court has carefully considered the parties' arguments and agrees with Defendants that Plaintiffs have not demonstrated that the discovery sought is relevant to class certification. Moreover, Plaintiffs have not responded to Defendants' objection on the ground of privacy. Accordingly, the Court **DENIES** Plaintiffs' motion to compel **WITHOUT PREJUDICE**. After the Court issues its order on Plaintiffs' class certification motion, Plaintiffs may renew their motion to compel production of discovery relating to incumbency, turnover, benefits, and pay rates, if appropriate. The undersigned further advises Defendants that because they are on notice that Plaintiffs will be seeking such information should the class claims be certified, Defendants will be expected to expeditiously produce such discovery – including responsive electronic data – should the Court grant Plaintiffs' renewed motion.

**IT IS SO ORDERED.**

Dated: November 8, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge