United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOLLY ARTIS, LATOYA KNIGHT, AND LORI SNAVELY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

DEERE & COMPANY and JOHN DEERE LANDSCAPES, INC.,

Defendants.

No. C 10-05289 WHA

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE**

In this Title VII action, plaintiffs challenge a magistrate judge's discovery order denying plaintiffs' discovery relating to the Laborer position at Deere Landscapes, Inc. For the following reasons, plaintiffs' request for partial relief from that order is **DENIED**.

When the magistrate order concerns a nondispositive issue, as is the case here, the district judge must "set aside any part of the order that is clearly erroneous or is contrary to law." FRCP 72(a). A "magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

The discovery dispute arose when plaintiffs sought discovery related to the Laborer position at Deere Landscapes. Plaintiffs argued that the Laborer position was a shipping and receiving position within their proposed class definition. Defendants disagreed. Magistrate Judge Maria-Elena James disagreed as well and denied plaintiffs' request to compel production of discovery related to the Laborer position (Dkt. No. 74).

1    In plaintiff's instant FRCP 72(a) motion, they argue that Magistrate Judge James misinterpreted this Court's prior order denying plaintiff Holley Artis' motion to amend the complaint to include the Laborer position, (Dkt. No. 69), as dispositive to the discovery dispute. In the prior order, plaintiff Holly Artis was denied the amendments because they were untimely (Dkt. No. 69 at 3). The order did not reach whether those amendments, including the addition of the Laborer position as a shipping and receiving position, would have narrowed or expanded the proposed class (Dkt. No. 69 at 3).

Plaintiffs incorrectly suggest that Magistrate Judge James only relied on the prior order. Magistrate Judge James independently found that inclusion of the Laborer position would expand the scope of the class definition (Dkt. No. 74 at 2). While plaintiffs may disagree with Magistrate Judge James' finding that the Laborer Position is not a shipping and receiving position, they have not shown that the finding was clearly erroneous.

Magistrate Judge James also denied plaintiffs' discovery because if "Plaintiff believed that information regarding the three job categories [including the Laborer position] was responsive to its RFP [Request for Production] and should have been produced by Defendants, Plaintiffs should have sought relief in conjunction with its prior discovery requests." Plaintiffs argue that they delayed in seeking discovery relating to the Laborer position because a late deposition clarified the job duties of that position. But plaintiffs could have discovered the job duties from online postings on defendants' website or with other formal discovery methods. Plaintiffs have not shown that Magistrate Judge James' finding was clearly erroneous.

As Magistrate Judge James' order is neither clearly erroneous nor contrary to law, the motion requesting partial relief from the order is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 22, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2